SUZANNE M. CERRA (SMC 9492)
NUKK-FREEMAN & CERRA, P.C.
636 Morris Turnpike, Suite 2F
Short Hills, New Jersey 07078
(973) 564-9100
*Attorneys for Defendants*
*Prudential Investment Management, Inc.,*
*Jeffrey Lenihan and Anthony Calabrese*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARDELL STROUD, | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | **REMOVAL PETITION** |
| | : | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA,  a New Jersey Corporation, JEFFREY LENIHAN, an individual, ANTHONY CALABRESE, an individual, JOHN DOES 1-10, (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious), | : : : | |
| Defendants. | | |

**TO:    The Honorable Judges**
**United States District Court**
**District of New Jersey**
**Martin Luther King Building & U.S. Courthouse**
**50 Walnut Street**
**Newark, New Jersey  07101**

Defendants Prudential Investment Management, Inc. (improperly pled as "Prudential Insurance Company of America"), Jeffrey Lenihan and Anthony Calabrese (hereinafter "Defendants"), by and through their attorneys, Nukk-Freeman & Cerra, P.C., respectfully petition this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law

Division, Essex County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §1446, and in support thereof, respectfully state as follows:

1.      On or about March 4, 2011, Plaintiff Mardell Stroud (hereinafter "Plaintiff") filed a Complaint and Jury Demand ("Complaint") against Defendants in the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-001846-11 (the "State Court Action").  A copy of the Complaint is attached hereto as Exhibit A.

2.      Defendants were put on notice of the State Court Action on or about March 6, 2011.  While Defendant Prudential Investment Management, Inc. was served with the Complaint on or about March 24, 2011, proper service of the Complaint has not yet been made on Defendants Jeffrey Lenihan or Anthony Calabrese.

3.      As of this date, no discovery has issued or commenced in the State Court Action.

4.      In the Complaint, Plaintiff has asserted causes of action based on New Jersey statutory and common law.  Plaintiff alleges, among other things, that Defendants violated the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*, and subjected her to the intentional infliction of emotional distress.  Plaintiff seeks compensatory damages, including those for emotional distress, punitive damages, and attorneys' fees and costs.

5.      According to the Complaint, Plaintiff is a citizen of and resides in the Commonwealth of Pennsylvania.

6.      Defendant Prudential Investment Management, Inc. is a citizen of New Jersey under 28 U.S.C. 1332(c)(1), as its state of incorporation and principal place of business are both in New Jersey.

7.      Defendant Jeffrey Lenihan is a citizen of and resides in the State of New Jersey.

8.      Defendant Anthony Calabrese is a citizen of and resides in the State of New York.

9.     This Court has original jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. § 1332 because this action arises between citizens of different states and the amount in controversy is in excess of $75,000.   For removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded pursuant to 28 U.S.C. § 1441(a). Accordingly, Plaintiff's claims are removed to this Court pursuant to 28 U.S.C. § 1441(a).

10.     Based on the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the District of New Jersey in that the action was filed in the Superior Court of New Jersey, Law Division, Essex County.

11.     This Removal Petition is filed in this Court within thirty (30) days after Defendants first received notice of the State Court Action.

12.     Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Anthony Calabrese each consent to the filing of this Removal Petition.

13.     Written notice of the filing of this Removal Petition has been given to all parties.

14.     A true and correct copy of this Removal Petition will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

For the reasons set forth above, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Anthony Calabrese hereby remove this action from the Superior Court of New Jersey, Law Division, Essex County, to this Court.

Respectfully submitted,

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendants*

By: /s/ Suzanne M. Cerra
       Suzanne M. Cerra (SMC 9492)

Dated: March 25, 2011

# EXHIBIT A

# (REMOVAL PETITION)

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS)<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME<br>Gregory A. Devero | TELEPHONE NUMBER<br>(908) 375-8142 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Devero Taus LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>211 Somerville Road, Suite B<br>Bedminster, NJ 07921 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ☒ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Mardell Stroud, Plaintiff | CAPTION<br>Prudential Insurance Company of America, Jeffery Lenihan, Tony Calabreese, John Does 1-10, and XYZ Corporations 1-10 |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>618 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ☒ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ YES ☐ No | IF YES, IS THAT RELATIONSHIP?<br>☒ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

LAW DIVISION
ESSEX VICINAGE

MAR - 4 2011

FINANCE DIVISION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV – Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
| | |
|---|---|
| 280 ZELNORM | 290 POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 STRYKER TRIDENT HIP IMPLANTS | 291 PELVIC MESH/GYNECARE |
| 288 PRUDENTIAL TORT LITIGATION | 292 PELVIC MESH/BARD |

### Mass Tort (Track IV)
| | |
|---|---|
| 248 CIBA GEIGY | 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 282 FOSAMAX |
| 271 ACCUTANE | 283 DIGITEK |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 284 NUVARING |
| 275 ORTHO EVRA | 286 LEVAQUIN |
| 277 MAHWAH TOXIC DUMP SITE | 287 YAZ/YASMIN/OCELLA |
| 278 ZOMETA/AREDIA | 601 ASBESTOS |
| 279 GADOLINIUM | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**      ☐ **Title 59**

---

**DEVERO TAUS LLC**
**211 SOMERVILLE ROAD, SUITE B**
**BEDMINSTER, NJ 07921**
**(908) 375-8142**
**ATTORNEYS FOR PLAINTIFF**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

MAR – 4 2011

MARDELL STROUD,

        Plaintiff,

        v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA, a New Jersey Corporation,
JEFFERY LENIHAN, an individual,
ANTHONY CALABRESE, an individual,
JOHN DOES 1-10, (said names being
fictitious) and XYZ Corporations 1-10 (said
names being fictitious),

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX COUNTY
DOCKET NO.:

Civil Action

**COMPLAINT AND JURY DEMAND**

        Plaintiff, Mardell Stroud ("Stroud"), a citizen of the State of Pennsylvania and a resident of the Township of Pocono Pines and County of Monroe, complaining of Defendants, Prudential Insurance Company of America, Jeffery Lenihan, and Tony Calabrese allege as follows:

<u>**FIRST COUNT**</u>

1.    Defendant Prudential Insurance Company of America ("Prudential") is a company with its corporate offices located at 213 Washington Street, in the City of Newark, in the state of New Jersey and has been authorized to conduct business and has conducted business in the State of New Jersey at all times relevant in this Complaint.

2.    Defendant Jeffery Lenihan ("Lenihan"), is a Caucasian male citizen of the State of New Jersey and, at all times relevant in this Complaint, was plaintiff Stroud's immediate supervisor and an employee of Defendant Prudential, who acted individually

and under the color of and in the capacity of his position with Defendant Prudential and/or XYZ.

3.      Defendant Anthony Calabrese ("Calabrese"), is a Caucasian male citizen of the State of New York and, at all times relevant in this Complaint, was plaintiff Stroud's manager and an employee of Defendant Prudential, who acted individually and under the color of and in the capacity of his position with Defendant Prudential and/or XYZ.

4.      Defendants John Does 1-10 ("John Does"), are presently unidentified individuals that had ownership interest and/or control and/or management interest and/or otherwise were involved in the employment, discriminatory and/or retaliatory conduct at times relevant in this complaint. Plaintiff reserves the right to amend the Complaint to include these individuals should their identity be revealed in further discovery.

5.      Defendants XYZ Corporations 1-10 ("XYZ") are presently unidentified business entities that were employers of Plaintiff and/or had ownership interest and/or control and/or management interest and/or otherwise were involved in the employment, discriminatory and/or retaliatory conduct at times relevant in this Complaint. Plaintiff reserve the right to amend the complaint to include these parties should their identities be revealed in further discovery.

6.      Plaintiff Mardell Stroud is a 44 year old African American woman who commenced employment with Prudential in March 2001.

7.      Plaintiff Stroud was the sole African-American Accounting Team lead in her department.

8.     Plaintiff Stroud's performance always met or exceeded the expectations of her supervisors prior to being placed under the supervision of Defendants Lenihan and Calabrese.

9.     Plaintiff's performance is illustrated by the numerous satisfactory performance appraisals she received prior to her placement under the supervision of Defendants Lenihan and Calabrese.

10.     Despite this exemplary performance, Ms. Stroud found herself the target of constant discrimination and disparate treatment by her Caucasian Male managers, Defendants Lenihan and Calabrese.

11.     The discriminatory conduct of Defendants Lenihan and Calabrese towards Plaintiff took on a variety of forms.

12.     As an example, Plaintiff Stroud was written up by Defendants Lenihan and Calabrese for discrepancies as little as 1 cent.

13.     Coworkers of the Plaintiff, such as James Donzi a Caucasian man, went without reprimand for substantially greater discrepancies than Plaintiff Stroud was written up for.

14.     Ms. Stroud was commonly criticized for the mistakes made by new hires that Ms. Stroud had not been responsible for training.

15.     Mr. Donzi was promoted ahead of Ms. Stroud despite making more mistakes and incurring greater discrepancies on the accounts he was reconciling.

16.     The write ups received by Ms. Stroud often occurred for events that were within Prudential's thresholds for acceptable reconciliation of accounts.

17.     Mr. Lenihan began to review all of Ms. Stroud's accounts, seeking out the most miniscule of errors and scheduling weekly meetings to review.  After being placed on

weekly reviews, more work was added to Ms. Stroud's daily assignments by Mr. Lenihan.

18.    Mr. Lenihan did not review all of Mr. Donzi's accounts, nor scheduled weekly meeting with him, despite his inferior work.

19.    Ms. Stroud contacted Prudential EOC to report the discriminatory and disparate treatment due to her race, color, ethnic origin and/or gender that she was being subjected to by Defendants Lenihan and Calabrese in October 2008.

20.    Plaintiff provided detailed oral and written evidence of the lengthy history of discriminatory, disparate treatment and harassment she had endured to Prudential Human Resources Director Jennifer Amadeo.

21.    In addition to providing extensive details regarding the discriminatory treatment and hostile work environment she had been subjected to, Plaintiff told Ms. Amadeo of the systematic termination and/or forced removal of numerous other minorities in her department for pretextual reasons during her tenure.

22.    In June 2007, George Bone, an African American man, was let go because he "couldn't grasp issues."

23.    Arnese Carty, an African American man, was forced to find other employment or face termination.

24.    Milikia Querey, an Indian woman, was constantly harassed about her work being subpar work.

25.    Sneha Parikh, an Indian woman, who was with the company under six months, was also constantly harassed about her work and left the company.

26.     In contrast, Plaintiff informed Ms. Amadeo that Teresa Gabieski, a Caucasian Woman, who was known to commonly make errors, never was reprimanded or written up. Ms. Gabieski was also offered employment in another group in the same department by management.

27.     Approximately 3 months later, Ms. Stroud received a final determination from Ms. Amadeo regarding her complaints of discriminatory treatment.

28.     The January 6, 2009 determination stated that there had been no violation of company policy.

29.     However, the determination also advised that Mr. Lenihan and Mr. Calabrese would be consulted regarding the anti-discrimination policy and changing the parameters of the work assigned.

30.     Ms. Stroud received her annual review around the same time that she received the determination of the EOC.

31.     In contrast to her prior reviews, wherein she had never received a rating below a 3, she received a 2.

32.     This negative review served to both prevent Ms. Stroud from receiving her bonus, and also prevented her from seeking a transfer to another department.

33.     Further, Plaintiff Stroud was terminated on March 6, 2009, two months after receiving the determination letter from Prudential HR regarding her allegations of discrimination.

34.     This termination was a continuation of the severe, pervasive, extremely egregious and continuous disparate, discriminatory treatment Ms. Stroud was subjected to at

Prudential and in retaliation for exercising her legally protected right of objecting to the discriminatory treatment she was being subjected to at Prudential.

35.     After her termination, Ms. Stroud was replaced by a Caucasian male with substantially less experience.

36.     As previously set forth, Ms. Stroud was subjected to an unwelcome, severe and pervasive hostile work environment due to her race, color, ethnic origin or gender by Defendants which a reasonable woman in the same or similar condition would consider sufficiently severe and pervasive to alter the conditions of his employment and create an intimidating, hostile or offensive working environment in direct violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1. *et. seq.* ("NJLAD").

37.     After conducting a cursory investigation, Defendants refused to remedy the underlying illegal, discriminatory, and retaliatory conduct of Defendants' Jeff Lenihan, Tony Calabrese, and/or other employees, agents, and representatives of Defendants Prudential as mandated by the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et. seq.*

38.     At all times relevant to this complaint, Defendants Jeff Lenihan, Tony Calabrese, and/or John Does acted under the color of his/their position and in his/their capacity as Plaintiff Stroud's supervisors and within the apparent scope of said authority and individually aided, abetted, incited compelled and/or coerced the performance of the above referenced unlawful practices prohibited by the NJLAD. Accordingly, Defendants Lenihan, Calabrese, John Does and/or XYZ and all other unnamed employees of the Defendant employer are individually responsible for their actions in violations of the NJLAD and the Defendant employers are responsible for the actions of these named

6

Defendants and all their employees and the damages sustained by Plaintiff as a result thereof.

39.    The outrageous and egregious actions, conduct, harassment, retaliatory and discriminatory treatment committed by Defendants Prudential, Lenihan, Calabrese, John Does, XYZ and/or other employees, agents and/or representatives of Defendants Prudential, Lenihan, Calabrese, and/or XYZ were willful, intentional, wanton, evil-minded, especially egregious, outrageous, reckless and malicious and were made with the intent to injure Plaintiff.    Thus, Plaintiff is entitled to punitive damages against Defendants Prudential, Lenihan, Calabrese, John Does, and/or XYZ.

40.    At all times relevant to this Complaint, Defendants Prudential, Lenihan, Calabrese, John Does, XYZ, other employees, agents and/or representatives of the Defendant employers, were members of upper management, acted under the color of his/their positions in his/their capacity as Plaintiff's direct and indirect supervisors and within the apparent scope of that authority.    Defendants Prudential, Lenihan, Calabrese, John Does and other members of upper management and/or owners of Defendant Prudential and/or XYZ's actual participation and/or willful indifference regarding the hostile work environment, resulting from the egregious discrimination due to Ms. Stroud's race, color, ethnic origin and/or gender in violation of the NJLAD set forth herein make Defendants Prudential, Lenihan, Calabrese, John Does, and/or XYZ liable for punitive damages.

41.    As a direct and causal result of this conduct, Plaintiff Stroud has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her

7

personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering requiring regular psychological treatment.

**WHEREFORE**, Plaintiff Stroud demands judgment against Defendants Prudential Insurance Company of America, Jeffery Lenihan, Tony Calabrese, John Does 1-10 and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits, and other perquisite damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages, reimbursement of all lost wages and benefits and other relief that the court may deem appropriate.

<u>**SECOND COUNT**</u>

42.     Plaintiff repeats and realleges each and every allegation of the First Count as if same were fully set forth herein.

43.     As extensively detailed herein, Defendants discriminated against Plaintiff Stroud due to her race, color, ethnic origin and/or gender.

44.     This discriminatory conduct culminating in her termination and replacement by a white male is in express violation of the NJLAD.

45.     At all times relevant to this Complaint, Defendants Lenihan, Calabrese, and/or John Does acted under the color of his/their position and in his/their capacity as Plaintiff Stroud's supervisor and within the apparent scope of said authority and individually aided, abetted, incited compelled and/or coerced the performance of the above referenced

8

unlawful practices prohibited by the NJLAD.   Accordingly, Defendants Lenihan, Calabrese, John Does and/or XYZ and all other unnamed employees of the Defendant employer are individually responsible for their actions in violations of the NJLAD and the Defendant employers are responsible for the actions of these named Defendants and all their employees and the damages sustained by Plaintiff as a result thereof.

46.    The outrageous and especially egregious actions, conduct, harassment, and discriminatory treatment committed by Defendants Prudential, Lenihan, Calabrese, John Does, XYZ and/or other employees, agents and/or representatives of Defendants Prudential, Lenihan, Calabrese, and/or XYZ were willful, intentional, wanton, evil-minded, outrageous, reckless and malicious and were made with the intent to injure Plaintiff. Thus, Plaintiff is entitled to punitive damages against Defendants Prudential, Lenihan, Calabrese, John Does, and/or XYZ.

47.    At all times relevant to this Complaint, Defendants Prudential, Lenihan, Calabrese, John Does, XYZ, other employees, agents and/or representatives of the Defendant employer, were members of upper management, acted under the color of his/their positions in his/their capacity as Plaintiff's direct and indirect supervisors and within the apparent scope of that authority. Defendants Prudential, Lenihan, Calabrese, John Does and other members of upper management of Defendants Prudential and/or XYZ's actual participation and/or willful indifference regarding the discriminatory treatment and his termination due to Ms. Stroud's race, color, ethnic origin and/or gender, in violation of the NJLAD, set forth herein make Defendants Prudential, Lenihan, Calabrese, John Does, and/or XYZ liable for punitive damages.

48.     As a direct and causal result of this conduct, Plaintiff Stroud has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff Stroud demands judgment against Defendants Prudential Insurance Company of America, Jeffery Lenihan, Anthony Calabrese, John Does 1-10 and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits, and other perquisite damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages, reimbursement of all lost wages and benefits and other relief that the court may deem appropriate.

### THIRD COUNT

49.     Plaintiff repeats and realleges each and every allegation of the First and Second Counts as if same were fully set forth herein.

50.     The NJLAD specifically provides that it is an unlawful employment practice to take reprisals against any person that has opposed practices, conduct or acts outlawed by the NJLAD.

51.     Plaintiff Stroud repeatedly objected to and opposed Defendants' discriminatory actions in express violation of the NJLAD.

10

52.    Mr. Stroud's good faith objections to practices and/or acts prohibited by the NJLAD as set forth herein to Defendants Lenihan, Calabrese, John Does and mid-level and senior management, EEO and Human Resources of Prudential resulted in the direct and causally related retaliation set forth herein.

53.    Ms. Stroud's ultimate termination caused severe monetary damages and emotional pain, suffering, mental trauma, humiliation and anxiety in express violation of the NJLAD.

54.    Defendants' retaliatory actions and reprisals culminating in her wrongful termination are a direct and causal result of Plaintiff Stroud's exercise of his legally protected rights in opposition to practices or acts outlawed by the NJLAD and are in clear violation of the NJLAD.

55.    The retaliatory acts committed by Defendants and/or other upper level employees and/or representatives of Defendants Prudential and/or XYZ were willful, intentional, wanton, evil-minded, outrageous, reckless and malicious and were made with the intent to injure Plaintiff.   The actual participation and/or willful indifference of these Defendants and/or other upper level executives of Defendants Prudential and/or XYZ regarding the reprisals and/or other retaliatory conduct in violation of the NJLAD set forth herein also make the Defendant employers liable for punitive damages.

56.   . As a direct and causal result of this retaliatory conduct, Plaintiff Stroud, suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering

11

WHEREFORE, Plaintiff Stroud demands judgment against Defendants Prudential Insurance Company of America, Jeffery Lenihan, Anthony Calabrese, John Does 1-10 and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits, and other perquisite damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages, reimbursement of all lost wages and benefits and other relief that the court may deem appropriate.

## FOURTH COUNT

57.    Plaintiff repeats and realleges each and every allegation of the First, Second, and Third Counts as if same were fully set forth herein.

58.    As extensively detailed herein, Defendants engaged in discriminatory and retaliatory conduct in express violation of the NJLAD that resulted in severe injury to Plaintiff Stroud.

59.    Defendants Lenihan, Calabrese, and John Does were fully aware of the illegal conduct and practices prohibited by the NJLAD that had been committed.

60.    Defendants Lenihan, Calabrese, and John Does actively and knowingly aided and assisted in the commission of the harassment, discrimination and retaliation against Plaintiff in violation of the NJLAD.

61.    Defendants Lenihan, Calabrese, and John Does were fully aware of their role as part of the illegal conduct committed against Ms. Stroud by the Defendants in violation of the NJLAD when he/they provided the assistance.

62.    Defendants Lenihan, Calabrese, and John Does' actions were done with knowledge and substantially assisted Defendants in violating the NJLAD.

63.    Defendants Lenihan, Calabrese, and John Does' conduct in aiding, abetting, inciting, compelling or coercing the doing of acts prohibited by the NJLAD against Ms. Stroud is in direct violation of the NJLAD.

64.    The outrageous and egregious actions, conduct, harassment by Defendants Lenihan, Calabrese, and John Does and/or other employees, agents and/or representatives of the Defendant employers was willful, intentional, wanton, evil-minded, outrageous, reckless and malicious and was with the intent to injure Plaintiff.

65.    As a direct and causal result of this conduct, Plaintiff Stroud has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

WHEREFORE, Plaintiff Stroud demands judgment against Defendants Jeffery Lenihan, Anthony Calabrese, John Does 1-10 and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits, and other perquisite damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the

maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages, reimbursement of all lost wages and benefits and other relief that the court may deem appropriate.

### FIFTH COUNT

66.    Plaintiff Stroud repeats and realleges each and every allegation of the First, Second, Third, and Fourth Counts as if same were fully set forth herein.

67.    The Defendants' conduct was shocking, egregious, wanton and outrageous conduct directed at Plaintiff.

68.    The Defendants' conduct was intended to produce emotional distress or was committed recklessly with a deliberate disregard of a high degree of probability that directing such conduct towards the Plaintiff would cause or likely cause intolerable, severe emotional distress that could not be withstood by a reasonable person.

69.    Thus, Defendants' conduct set forth herein constitutes intentional infliction of emotional distress and Plaintiff Stroud has been damaged as a result thereof.

70.    At all times relevant to this Complaint, Defendants Lenihan, Calabrese, Prudential, and/or John Does and all other employees, agents and/or representatives of the Defendant employer acted under the color of his/their positions and individually. Accordingly, Defendants, Defendants Lenihan, Calabrese, John Does 1-10 and all other employees, agents, and/or representatives of the Defendant employers are responsible for their actions and responsible for the damages sustained by Plaintiff Stroud as a result thereof.

71.    The outrageous and egregious actions, conduct, assault and harassment committed by Defendant Prudential and Defendants Lenihan, Calabrese, and/or John Does and/or

other employees, agents and/or representatives of Defendant employers were willful, intentional, wanton, outrageous, and reckless and were made with the intent to injure Plaintiff. Thus, Plaintiff is entitled to punitive damages against Defendants.

72.     As a direct and causal result of this conduct, Plaintiff Stroud has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

        **WHEREFORE**, Plaintiff Stroud demands judgment against Defendants Prudential Insurance Company of America, Jeffery Lenihan, Anthony Calabrese, John Does 1-10 and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits, and other perquisite damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages, reimbursement of all lost wages and benefits and other relief that the court may deem appropriate.

## SIXTH COUNT

73.     Plaintiff Stroud repeats and realleges each and every allegation of the First, Second, Third, Fourth, and Fifth Counts as if fully set forth herein.

74.     The Defendants' conduct was intended to produce emotional distress or was committed recklessly with a deliberate disregard of a high degree of probability that

15

directing such conduct towards the Plaintiff would cause or likely cause intolerable, severe emotional distress that could not be withstood by a reasonable person.

75.     In the alternative, the Defendants' conduct set forth herein constitutes the negligent infliction of emotional distress and Plaintiff Stroud has been damaged as a result thereof.

76.     At all times relevant to this Complaint, Lenihan, Calabrese, John Does, and all other employees, agents and/or representatives of the Defendant employers acted under the color of his/their positions and individually. Accordingly, the Defendant employers, Defendants Prudential, Lenihan, Calabrese, and all other employees, agents, and/or representatives of the Defendant employers are responsible for their actions and responsible for the damages sustained by Plaintiff Stroud as a result thereof.

77.     As a direct and causal result of this conduct, Plaintiff Stroud has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

   **WHEREFORE**, Plaintiff Stroud demands judgment against Defendants Prudential Insurance Company of America, Jeffery Lenihan, Anthony Calabrese, John Does 1-10 and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits, and other perquisite damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums

awarded with pre-judgment and post-judgment interest, statutory damages, reimbursement of all lost wages and benefits and other relief that the court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact, as to damages, as to punitive damages and all issues so triable.

DEVERO TAUS LLC
Attorneys for Plaintiff Mardell Stroud

Dated: March 4, 2011

GREGORY A. DEVERO

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

17

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and further that no action or arbitration proceeding is contemplated.

DEVERO TAUS LLC
Attorneys for Plaintiff, Mardell Stroud

Dated:  March 4, 2011

GREGORY A. DEVERO

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gregory A. Devero, Esq. as trial counsel.

DEVERO TAUS LLC
Attorneys for Plaintiff, Mardell Stroud

Dated:  March 4, 2011

GREGORY A. DEVERO

SUPERIOR COURT OF
LAW DIVISION
ESSEX VICINAGE

MAR -- 4 2011

FINANCE DIVISION
RE-TENDERED          24

18