SUZANNE M. CERRA (SMC 9492)
NUKK-FREEMAN & CERRA, P.C.
636 Morris Turnpike, Suite 2F
Short Hills, New Jersey 07078
(973) 564-9100
*Attorneys for Defendants*
*Prudential Investment Management, Inc.,*
*Jeffrey Lenihan and Tony Calabrese*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARDELL STROUD**, | Docket No. 2:11-cv-01714-SRC-MAS |
| Plaintiff, | Civil Action |
| v. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES, CERTIFICATION PURSUANT TO L.CIV.R. 11.2 AND CERTIFICATE OF FILING AND SERVICE** |
| **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a New Jersey Corporation, **JEFFREY LENIHAN**, an individual, **ANTHONY CALABRESE**, an individual, JOHN DOES 1-10, (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious), | |
| Defendants. | |

Defendants Prudential Investment Management, Inc. (improperly pled as Prudential Insurance Company of America) (hereinafter "Prudential"), Jeffrey Lenihan (hereinafter "Defendant Lenihan") and Tony Calabrese (improperly pled as "Anthony Calabrese") (hereinafter "Defendant Calabrese") (hereinafter collectively "Defendants"), by and through their counsel, Nukk-Freeman & Cerra, P.C., hereby answer the Complaint of Plaintiff Mardell Stroud as follows:

**FIRST COUNT**

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint, except to admit that Prudential Investment Management, Inc. is authorized to conduct business and has conducted businesses in the State of New Jersey at all times relevant to the Complaint.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint, except to admit that Defendant Lenihan is a Caucasian male citizen of the State of New Jersey, who served as Plaintiff's immediate supervisor.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint, except to admit that Defendant Calabrese is a Caucasian male citizen of the State of New York.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and leave Plaintiff to her proofs.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and leave Plaintiff to her proofs.

6. Defendants admit only that Plaintiff was employed by Prudential Investment Management, Inc., beginning June of 2001.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 6 of the Complaint and leave Plaintiff to her proofs.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint, except to admit that Plaintiff was, at one point, a Team Lead in Accounting.

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in paragraph 9 of the Complaint, except to admit that Plaintiff received written performance appraisals that speak for themselves.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint, except to admit that Plaintiff received counseling related to her job performance.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint, except to admit that Plaintiff received counseling related to her job performance.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint, except to admit that in or around early 2008, Plaintiff began receiving regular feedback in an effort to address her performance deficiencies.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint, except to admit that in or around late October 2008, Plaintiff lodged an internal complaint to the Business Ethics & Resolve Office.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint, except to admit that Jennifer Amadeo, Director, Human Resources, interviewed Plaintiff in

connection with Prudential's investigation into her internal complaint to the Business Ethics & Resolve Office.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint, except to admit that Jennifer Amadeo interviewed Plaintiff in connection with Prudential's investigation into her internal complaint to the Business Ethics & Resolve Office.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint, except to admit that George Bone's employment with Prudential ended in or around July 2007.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint, except to admit that Jennifer Amadeo interviewed Plaintiff in connection with Prudential's investigation into her internal complaint to the Business Ethics & Resolve Office.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint, except to admit that Plaintiff was provided with a letter, dated January 6, 2009, regarding the investigation of her internal complaint, which is a written document that speaks for itself.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint, except to admit that the January 6, 2009 letter to Plaintiff is a written document that speaks for itself.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint, except to admit that the January 6, 2009 letter to Plaintiff is a written document that speaks for itself.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint, except to admit that Plaintiff received an annual review in early 2009.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint, except to admit that Plaintiff's reviews are written documents that speak for themselves.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint, except to admit that Plaintiff's employment with Prudential was terminated on or about March 9, 2009.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

**WHEREFORE**, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Tony Calabrese demand that judgment be entered dismissing with prejudice Plaintiff's

Complaint against them in its entirety and awarding Defendants attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper.

**SECOND COUNT**

42. Defendants repeat and reallege their responses to each and every allegation of the First Count (paragraphs 1 through and including 41 of the Complaint) as if set forth fully herein.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

**WHEREFORE**, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Tony Calabrese demand that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding Defendants attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper.

**THIRD COUNT**

49. Defendants repeat and reallege their responses to each and every allegation of the First and Second Counts (paragraphs 1 through and including 48 of the Complaint) as if set forth fully herein.

50. The allegations set forth in paragraph 50 of the Complaint constitute conclusions of law to which no response is required.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

**WHEREFORE**, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Tony Calabrese demand that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding Defendants attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper.

## **FOURTH COUNT**

57. Defendants repeat and reallege their responses to each and every allegation of the First, Second, and Third Counts (paragraphs 1 through and including 56 of the Complaint) as if set forth fully herein.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

**WHEREFORE**, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Tony Calabrese demand that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding Defendants attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper.

## FIFTH COUNT

66. Defendants repeat and reallege their responses to each and every allegation of the First, Second, Third and Fourth Counts (paragraphs 1 through and including 65 of the Complaint) as if set forth fully herein.

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

**WHEREFORE**, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Tony Calabrese demand that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding Defendants attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper

## SIXTH COUNT

73. Defendants repeat and reallege their responses to each and every allegation of the First, Second, Third, Fourth and Fifth Counts (paragraphs 1 through and including 72 of the Complaint) as if set forth fully herein.

74. Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in paragraph 77 of the Complaint.

**WHEREFORE**, Defendants Prudential Investment Management, Inc., Jeffrey Lenihan and Tony Calabrese demand that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding Defendants attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper

### AFFIRMATIVE DEFENSES

1. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

2. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which an award of punitive damages can be granted.

3. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which an award of attorneys' fees can be granted.

4. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiff has failed to state a claim against Defendants under the New Jersey Law Against Discrimination.

6. Defendants assert every defense available under the New Jersey Law Against Discrimination.

7. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

8. Plaintiff has not suffered injuries, damages or other losses.

9. Plaintiff has failed to mitigate her alleged injuries, damages or other losses.

10. To the extent that Plaintiff has failed to mitigate, minimize or avoid any injuries, damages or losses allegedly sustained, any recovery against Defendants must be reduced.

11. The nature, origin, causation, amount and extent of injuries, damages and losses claimed are at issue, and Defendants demand proof of the same by Plaintiff as required by law.

12. Plaintiff's injuries, damages or losses, if any, are not the result of any negligent, reckless, wrongful or intentional act or omission of Defendants.

13. Plaintiff's injuries, damages or losses, if any, were caused by the acts or omissions of third parties over whom Defendants had no control or right of control.

14. Plaintiff's injuries, damages or losses, if any, were caused by the acts or omissions of Plaintiff.

15. Defendants breached no duty owed to Plaintiff.

16. Plaintiff's claims are barred because Defendants exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

17. Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and with reasonable care based on the then existing circumstances.

18. All of Defendants' actions in this matter were justified.

19. Plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory reasons.

20. To the extent that Plaintiff seeks to recover alleged lost benefits, her claims are preempted in whole or in part by the Employee Retirement Income Security Act, 29 U.S.C. §§ 101-1381.

21. To the extent that Plaintiff alleges negligence or purports that she has suffered physical or mental injury as a result of Defendants' alleged actions, such claims are barred, in whole or in part, by the exclusivity provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 *et seq*.

22. Some or all of Plaintiff's claims are frivolous and/or brought in bad faith.

23. Upon information and belief, Plaintiff is barred from the recovery of any damages on the basis of the after-acquired evidence doctrine.

24. The Complaint contains insufficient information to permit Defendants to raise all available defenses and Defendants therefore reserve their right to amend and/or supplement this Answer and these defenses and to assert additional defenses.


                                  **NUKK-FREEMAN & CERRA, P.C.**
                                  *Attorneys for Defendants*


                                  By: /s/ Suzanne M. Cerra
                                      SUZANNE M. CERRA (SMC 9492)

Dated: April 14, 2011

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                        **NUKK-FREEMAN & CERRA, P.C.**
                        *Attorneys for Defendants*


                        By: /s/ Suzanne M. Cerra
                            SUZANNE M. CERRA (SMC 9492)

Dated: April 14, 2011

**CERITIFICATE OF FILING AND SERVICE**

I hereby certify that I caused a copy of the following documents to be filed on this date, *via* electronic filing, with the United States District Court for the District of New Jersey:

1. Answer and Affirmative Defenses of Defendants Prudential Investment Management, Inc. (improperly pled as Prudential Insurance Company of America), Jeffrey Lenihan and Tony Calabrese (improperly pled as Anthony Calabrese);

2. Certification Pursuant to L. Civ. R. 11.2; and

3. Certificate of Filing.

I further certify that I caused a copy of these documents to be served on this date, *via* electronic mail and first class, regular mail, upon Plaintiff's counsel, Gregory A. Devero, Esq., Devero Taus LLC, 211 Somerville Road, Suite B, Bedminster, New Jersey 0791.

                                           **NUKK-FREEMAN & CERRA, P.C.**
                                           *Attorneys for Defendants*


                                           By: /s/ Suzanne M. Cerra
                                              SUZANNE M. CERRA (SMC 9492)

Dated: April 14, 2011