GREGORY A. DEVERO (GAD 8910)
DEVERO TAUS LLC
211 Somerville Road, Suite B
Bedminster, New Jersey 07921
(908) 375-8142
*Attorneys for Plaintiff*
*Mardell Stroud*

SUZANNE M. CERRA (SMC 9492)
NUKK-FREEMAN & CERRA, P.C.
636 Morris Turnpike, Suite 2F
Short Hills, New Jersey 07078
(973) 564-9100
*Attorneys for Defendants*
*The Prudential Insurance Company of America,*
*Jeffrey Lenihan and Tony Calabrese*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARDELL STROUD**, | Docket No. 2:11-cv-01714-SRC-MAS |
| Plaintiff, | |
| | Civil Action |
| v. | |
| | **JOINT DISCOVERY PLAN** |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, JEFFREY LENIHAN, an individual, ANTHONY CALABRESE, an individual, JOHN DOES 1-10, (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious), | *Scheduling Conference:* *June 20, 2011 – 4:00 p.m.* |
| Defendants. | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   **On behalf of Plaintiff Mardell Stroud ("Plaintiff"):**

   **Gregory A. Devero, Esq.**
   **Devero Taus LLC**

**211 Somerville Road, Suite B**
**Bedminster, New Jersey 07921**
**(908) 375-8142 (p) - (908) 375-8151 (f)**

**On behalf of Defendants The Prudential Insurance Company of America, Jeffrey Lenihan and Tony Calabrese (improperly pled as "Anthony Calabrese") (collectively "Defendants"):**

**Holly English, Esq.**
**Nukk-Freeman & Cerra, P.C.**
**636 Morris Turnpike, Suite 2F**
**Short Hills, New Jersey 07078**
**(973) 564-9100 (p) - (973) 564-9112 (f)**

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

    *Plaintiff*:

    **Plaintiff, Mardell Stroud is a 43 year old, African American woman who claims she was subjected to systemic, pervasive and ongoing racial discrimination, hostile work environment and retaliation during the course of her eight year tenure allegedly culminating in her wrongful termination on March 6, 2009 in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD"). Ms. Stroud claims that, despite an extensive job search, she has been unemployed for over two years since her March 6, 2009 termination and claims that she has sustained substantial economic and non-economic damages.**

    *Defendants*:

    **Defendants vigorously dispute Plaintiff's claims. Defendants contend that they acted lawfully with respect to their treatment of Plaintiff and did not commit any of the alleged unlawful conduct asserted in the Complaint. Defendants have asserted, among others, the following affirmative defenses:**

    1. **The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.**

    2. **The Complaint, and each claim for relief alleged therein, fails to state a claim upon which an award of punitive damages can be granted.**

2

    **3.**    **Plaintiff has failed to state a claim against Defendants under the New Jersey Law Against Discrimination.**

    **4.**    **Plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory reasons.**

    **5.**    **Defendants assert every defense available under the New Jersey Law Against Discrimination.**

    **6.**    **To the extent that Plaintiff has failed to mitigate, minimize or avoid any injuries, damages or losses allegedly sustained, any recovery against Defendants must be reduced.**

    **7.**    **Plaintiff's injuries, damages or losses, if any, were caused by the acts or omissions of Plaintiff.**

3. Has this action been:  Settled: **No**.   Discontinued: **No**.

4. If so, has there been a Stipulation/Dismissal Filed?  **No.**

5. Have settlement discussions taken place? **Yes  X**  No ___.  If so, when?

**For more detailed information on the parties' ongoing settlement discussions, kindly refer to the joint letter dated June 13, 2011, which was faxed to Chambers under separate cover.**

    a) What was plaintiff's last demand?

        1)    Monetary demand:   **Please see letter dated June 13, 2011**
        2)    Non-monetary demand:

    b) What was Defendant's last offer?

        1)    Monetary offer:   **Please see letter dated June 13, 2011**
        2)    Non-monetary offer:

6. The parties [have ___ **have not** __X__] exchanged the information required by <u>Fed. R. Civ. P</u>. 26(a)(1).  If not, state the reason therefor.

   **The parties have not yet exchanged the information required by <u>Fed. R. Civ. P</u>. 26(a)(1) in an effort to conserve resources due to ongoing, productive settlement discussions. The parties fully intend to exchange the required information should this case not settle promptly.**

7. Explain any problems in connection with completing the disclosures required by <u>Fed. R. Civ. P</u>. 26(a)(1).

   **None**.

8. The parties [have ___ **have not** __X__] conducted discovery other than the above disclosures.  If so, describe.

9. The parties [**have** __X__ have not ___] met pursuant to <u>Fed. R. Civ. P</u>. 26(f):

   a) If not, state the reason therefor.  **Not applicable.**

   b) If so, state the date of the meeting and the persons in attendance.

   **The parties met pursuant to <u>Fed. R. Civ. P</u>. 26(f) on June 7, 2011, with Gregory A. Devero, Esq., representing Plaintiff and Suzanne M. Cerra, Esq., representing Defendants**.

10. The following [**is** __X__ is not ___] a proposed joint discovery plan.

    a) Discovery is needed on the following subjects:

    **The parties will conduct factual and expert discovery, including discovery of all facts which Plaintiff contends support her claims and all facts Defendants contend support their defenses.  The parties further expect to conduct fact and expert discovery regarding Plaintiff's claims for damages, including but not limited to Plaintiff's emotional distress claims and mitigation efforts**.

b) Discovery [**should** __X__ should not ____] be conducted in phases or limited to particular issues. Explain.

**The parties respectfully request that expert discovery commence only after the completion of fact discovery.**

c) Maximum of __25__ Interrogatories by each party to each other party.

d) Maximum of __5__ depositions to be taken by each party.

e) Plaintiff's (or any affirmative) expert report due on **April 6, 2012**.

f) Defendants' (or any rebuttal) expert report due on **May 21, 2012**.

g) Motions to amend or to add parties to be filed by **August 12, 2011**.

h) Dispositive motions to be served within **120** days of completion of fact discovery.

i) Factual discovery to be completed by **February 21, 2012**.

j) Expert discovery to be completed after **all summary judgment motions have been decided**.

k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders.

**The parties may need a protective order, which will be sought in accordance with the Federal Rules of Civil Procedure and Local Rules**.

l) A pretrial conference may take place on **June 21, 2012**.

m) Trial date: **October 2012** ( __X__ Jury Trial; ____Non-Jury Trial).

11. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Yes  X**   No ____.

    If so, please explain.

    **Plaintiff, a Pennsylvania resident, elected to commence the pending action within the State of New Jersey.  As such, Defendants submit that Plaintiff's deposition should take place in New Jersey.  Plaintiff consents to this request.**

12. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes ___ **No  X** .

    If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.  **Not applicable**.

13. Do you anticipate any other discovery problem(s) not listed above?

    Yes ___ **No  X** .

    If so, please explain.

    **The parties are not aware of any other issues at this time.**

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    **Plaintiff believes this case is appropriate for immediate voluntary mediation if the matter is not resolved by the Magistrate at an early settlement conference that has been jointly requested by the parties.  Plaintiff concurs that this case would not be appropriate for arbitration for the reasons given by the defendants.**

**Defendants believe this case may be appropriate for voluntary mediation once the parties have completed written discovery and taken Plaintiff's deposition. Defendants do not believe this case is appropriate for Rule 201.1 arbitration because (1) it involves complex or novel legal issues, and (2) the legal issues predominate over the factual issues.**

15. Is this case appropriate for bifurcation?  Yes ___  **No  X  \***

    **Defendants reserve their right to request that the punitive damages phase of this case be bifurcated for trial.  However, the parties are not seeking to have discovery bifurcated.**

16. An interim status/settlement conference (with clients in attendance), should be held **as soon as practicable for the Court.  Kindly refer to the parties' correspondence to the Court dated June 13, 2011.**

17. We [do ___ **do not  X** ] consent to the trial being conducted by a Magistrate Judge.

                      Respectfully Submitted,

                      /s/ Gregory A. Devero  
                      Gregory A. Devero, Esq. (GAD 8910)  
                      Devero Taus LLC  
                      *Attorneys for Plaintiff*  
                      *Mardell Stroud*

                      /s/ Suzanne M. Cerra  
                      Suzanne M. Cerra, Esq. (SMC 9492)  
                      Nukk-Freeman & Cerra, P.C.  
                      *Attorneys for Defendants*  
                      *The Prudential Insurance Company of America, Jeffrey Lenihan and Tony Calabrese*